IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADONA ALLEN,

    Plaintiff and counter-defendant,    CIV. NO. S- 09-0877 GGH

vs.

STATES RECOVERY SYSTEMS, INC.,

    Defendant and counterclaimant.    <u>ORDER</u>

_____/

    Previously pending on this court's law and motion calendar for October 29, 2009, was plaintiff's "motion for extension of time to respond to request for admissions," filed September 16, 2009. Defendant filed an opposition and request for sanctions. Michael Agruss appeared by telephone for plaintiff. Amy Maclear appeared for defendant. Having reviewed the parties' filings and heard oral argument, the court now issues the following order.

<u>BACKGROUND</u>

    This case concerns plaintiff's allegations against defendant States Recovery Systems, Inc. ("SRS") for violation of the FDCPA and California's Rosenthal Act.

    On July 17, 2009, defendant served plaintiff with requests for admissions and other discovery requests, via email.[1] Plaintiff states that through an inadvertent error at the office

---

[1] It is unclear whether the parties had an agreement to accept email service; however, they do not dispute such service.

1

of plaintiff's counsel, the response date was not calendared.  On August 24, 2009, defendant informed plaintiff's counsel that the response date had passed and responses were deemed admitted.  Defendant gave plaintiff until September 2, 2009 to provide responses to the other written discovery (but not the requests for admissions), and then extended it to September 8, 2009.  Although plaintiff immediately took steps to respond, she did not serve responses to all written discovery until September 10, 2009, along with responses to the requests for admissions.  Plaintiff now moves under Rule 36(b) for relief from the admissions.[2]

DISCUSSION

      A.  Relief from Admissions

As a preliminary matter, the local rules require a joint statement in discovery matters such as the instant one.  As plaintiff was the moving party it was incumbent on her to initiate the meet and confer process and take responsibility for the drafting and filing of the joint statement.  E.D. Local Rule 37-251(b), (c).  Plaintiff has offered no legitimate excuse for this failure.

Turning to the requests for admissions, all matters contained in defendant's requests for admissions were admitted, in the absence of a stipulation or court order to the contrary, thirty days after defendant served its requests for admissions.  See Fed. R. Civ. P. 36(a)(3).  See also Fed. R. Civ. P. 36(b) ("A matter admitted under [Rule 36] is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended.").

"The rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) 'the presentation of the merits of the action will be subserved,' and (2) 'the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the

---

[2] Plaintiff fashioned her motion as a request for an extension of time to issue a response to the request for admissions; however, as the "deemed admitted" provisions of Fed. R. Civ. P. 36(a)(3) are self-executing, one must seek to be relieved of admissions if a response is not timely submitted.

1  merits.'" Conlon v. U.S., 474 F.3d 616, 621 (9th Cir. 2007); Fed. R. Civ. P. 36(b).

2  "However, in deciding whether to exercise its discretion when the moving party
3  has met the two-pronged test of Rule 36(b), the district court may consider other factors,
4  including whether the moving party can show good cause for the delay and whether the moving
5  party appears to have a strong case on the merits." Conlon, 474 F.3d at 625. "The rule is not to
6  be used in an effort to 'harass the other side' or in the hope that a party's adversary will simply
7  concede essential elements." Id. at 622, *citing* Perez v. Miami-Dade County, 297 F.3d 1255,
8  1268 (11th Cir.2002).

9  The admissions are all encompassing, such that plaintiff's case would be
10 effectively terminated on summary judgment, precluding a decision on the merits. They seek to
11 have plaintiff deny most of the allegations in the verified complaint. Pl.'s Mot., Ex. A. Relief
12 from these admissions will permit adjudication of this case on the merits. As the complaint is
13 verified, plaintiff may have a strong case on the merits if she is able to prove the allegations.

14 Defendant has failed to show prejudice from the withdrawal of the admissions.
15 Plaintiff served responses to the requests for admissions on September 10, 2009, three weeks
16 after they were due, and three months before the discovery cutoff in this case which is December
17 17, 2009. Law and motion cutoff is not until January 28, 2010. Defendant has not yet filed a
18 summary judgment motion or otherwise relied on the admissions to its detriment.

19 Therefore, plaintiff's request for relief will be granted.[3]

20  B.  Sanctions

21 Defendant seeks sanctions under Local Rules 37-251 or 11-110 for plaintiff's
22 failure to respond to correspondence or make efforts to meet and confer, as well as defendant's
23 belief that plaintiff's failure in regard to the instant motion was not inadvertent.
24 \\\\\

---

[3] The court need not determine whether the calendaring error, and subsequent recognition of such, constitutes good cause.

"Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules." <u>Wyle v. R.J. Reynolds Industries, Inc.</u>, 709 F.2d 585, 589 (9th Cir. 1983).

Rule 37 provides that in lieu of, or in addition to, imposing other sanctions,

> If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A).

"[I]f a failure to comply has occurred, it becomes incumbent upon the disobedient party to show that his failure is justified or that special circumstances would make an award of expenses unjust. Notes of the Advisory Committee on Rule 37." <u>David v. Hooker</u>, 560 F.2d 412, 419 (9th Cir. 1977).

Sanctions will not be awarded at the present time as plaintiff's explanation of inadvertent calendaring error is accepted, and the parties apparently did meet and confer on October 8, 2009. Pl.'s Reply, Ex. A. Plaintiff's counsel is warned, however, that he must strictly adhere to the federal and local rules for the duration of this case, and the undersigned will look askance at any further non-compliance with the rules.

<u>CONCLUSION</u>

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for extension of time to respond to requests for admissions, construed as a request to be relieved from admissions, filed September 16, 2009, (dkt. # 18), is

granted. Plaintiff's late responses to the requests for admissions are considered as timely submitted.

      2. Defendant's request for sanctions, filed October 8, 2009, (dkt. #19), is denied.

DATED: 11/03/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Allen0877.adm.wpd